UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Leroy P. Dade, Jr., )
)
    Plaintiff, )
)
    v. ) Civil Action No. 14-311
)
United States Parole Commission *et al.*, )
)
    Defendants. )
_____ )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a District of Columbia resident. He seeks $500,000 in damages for his alleged illegal detention by the named defendants, the United States Parole Commission and the Federal Bureau of Prisons. *See* Compl. at 1, 3. Plaintiff alleges that these entities detained him beyond the expiration date of his prison sentence, June 20, 2013, in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution. *Id.* at 1.

Plaintiff invokes 42 U.S.C. § 1983, but this statute, by its terms, creates a cause of action against state and District of Columbia actors who are alleged to have violated one's constitutional rights, not the federal entities sued here. *See, e.g., Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) ("We find no clear statement that would make the Commission itself subject to liability under § 1983.").

1

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, the United States has consented to be sued for monetary damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Such consent does not encompass the alleged conduct forming the basis of this action. *See, e.g., Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (agreeing with other circuit courts "that 'it is virtually axiomatic that the FTCA does not apply where the claim[] . . . arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs' ") (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)) (alterations and other citations omitted). Furthermore, Congress has not waived the sovereign's immunity from suits based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).

To the extent plaintiff is seeking also "to enjoin and declare unconstitutional deprivations," Compl. at 1, his apparent release from custody renders his claim for injunctive relief moot and "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citations and internal quotation marks omitted) (alteration in original). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

February 11, 2014    /s/ 
United States District Judge